**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Attorneys for David J. Doyaga, Sr., Plaintiff-Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

NAXOS CLEANERS, INC.,

                  Debtor.

Chapter 7
Case No.: 21-42255-jmm

-----------------------------------------------------------------x
DAVID J. DOYAGA, SR., SOLELY AS
CHAPTER 7 TRUSTEE OF THE ESTATE
OF NAXOS CLEANERS, INC,

                  Plaintiff,

   -against-

MARIA MAJCHER

                  Defendant.

Adv. Pro. No.: 24-

-----------------------------------------------------------------x

## COMPLAINT

David J. Doyaga, Sr., Solely as Chapter 7 Trustee (the "Plaintiff") of the Estate of Naxos Cleaners Inc. (the "Debtor"), by and through his counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this, as and for his complaint (the "Complaint") against Maria Majcher pursuant to sections 541 and 542 of the Bankruptcy Code seeking the turnover of property of the estate and alleges as follows:

### JURISDICTIONAL PREDICATE

1. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core

proceeding" under 28 U.S.C. § 157 (a), (b)(1) and (2)(A), (E), (I) and (J).

2. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

3. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief sought herein include sections 105, 541 and 542, of the Bankruptcy Code and Rules 6009 and 7001 *et. seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## THE PARTIES

5. The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 26 Court Street, Suite 1601, Brooklyn, New York 11242. The Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

6. The Defendant is an individual and has an address for mailing at 187 Franklin Avenue, Brooklyn, New York 11205.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.     The Bankruptcy Filing and Appointment of the Plaintiff**

7. On September 1, 2021 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") was filed against the Debtor.

8. On May 23, 2022, the Order for relief was entered, which also converted the Chapter 7 case to one under Chapter 11 of the Bankruptcy Code. Thereafter, on May 31, 2022, the petitioning creditors filed a motion seeking to convert the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code. By Order dated August 11, 2022, the Court entered an Order converting the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code

9.   David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate.

**B.   The Debtor's Business and the Promissory Note**

10.   Prior to the Petition Date, the Debtor operated several laundromats.

11.   On October 14, 2022, the Debtor's principal, Nick Nanas (the "Principal"), appeared on behalf of the Debtor and testified at the section 341(a) meeting of creditors.

12.   The Principal testified that in or around 2016, the Debtor was operating a laundromat at 30 University Place, New York, New York 10003.

13.   The Debtor further testified that on July 21, 2016, the Debtor sold the laundromat to the Defendant for one hundred fifty thousand dollars ($150,000.00), and the Defendant executed a negotiable promissory note (the "Promissory Note"). Annexed hereto as **Exhibit "A"** is a copy of the Promissory Note.

14.   Pursuant to the terms of the Promissory Note, the Defendant promised to pay $150,000.00 in equal monthly installments of three thousand dollars ($3,000.00) over a period of four (4) years.

15.   Pursuant to the Debtor's Principal's testimony, the Defendant made a number of payments but continues to owe the Debtor approximately $140,000.00.

16.   Pursuant to the terms of the Promissory Note, the note was due and payable by August 21, 2020.

**D.   Allegations Related to all Causes of Action**

17.   The Promissory Note was a pre-petition asset owed to the Debtor by the Defendant pursuant to the Promissory Note entered into prior to the Petition Date.

18.   The Promissory Note is property of the estate.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO SECTION 541 AND 542(a) OF THE BANKRUPTCY CODE

19. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" as if each were more fully set forth herein.

20. Pursuant to section 541(a)(a) of the Bankruptcy Code. "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

21. The Debtor has a legal and equitable interest in the Promissory Note.

22. The Debtor's legal and equitable interest in the Promissory Note is property of the Debtor's estate.

23. Upon information and belief, the Defendant has failed to remit the payments required un the Promissory Note.

24. Upon information and belief, the Defendant benefitted from the Promissory Note at the detriment of the Debtor.

25. Pursuant to section 542(a) of the Bankruptcy Code, "except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

26. Pursuant to section 542(b) of the Bankruptcy Code "except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that

is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

27. The Defendant has failed to turn over the amounts due under the Promissory Note.

28. The Plaintiff is entitled to judgment against the Defendant for the unpaid amounts due under the Promissory Note, in the amount to be determined at trial, pursuant to section 542 of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court award judgment in favor of the Plaintiff and against the Defendant consistent with the allegations set forth in the Complaint; together with (ii) such other, further and different relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

Dated: May 17, 2024
      Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Nico G. Pizzo*
Nico G. Pizzo, Esq.
Avrum J. Rosen, Esq.
38 New Street
Huntington, New York 11743
(631) 423-8527
npizzo@ajrlawny.com
arosen@ajrlawny.com

*Counsel to David J. Doyaga, Sr.*
*Solely as Chapter 7 Trustee of the*
*Estate of Naxos Cleaners Inc.*